UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| OUTDOOR VENTURE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:11-CV-242-GFVT |
| v. | ) | |
| | ) | |
| KAREN G. MILLS, Administrator of the | ) | MEMORANDUM OPINION |
| SMALL BUSINESS ADMINISTRATION | ) | & |
| UNITED STATES OF AMERICA, | ) | ORDER |

And

REAR ADMIRAL DAVID F. BAUCOM,
Commander, DEFENSE LOGISTICS
AGENCY TROOP SUPPORT[1]

Defendant.

*** *** *** ***

Outdoor Venture Corporation (Outdoor Venture) wants to manufacture tents for the Defense Logistics Agency. In fact, it thought it had a contract to do just that until the Small Business Administration (SBA) determined that an affiliation with another company made it too large for the contract. Now, Outdoor Venture has filed a Motion for Preliminary Injunction [R. 8.] seeking to prevent the SBA from applying its size determination to the contract already awarded to Outdoor Venture. The Government contends, among other things, that this Court is not the place to decide this dispute and consequently the case should be dismissed. [R. 19.] The

---

[1] Outdoor Venture filed its First Amended Complaint on September 20, 2011. OVC filed its original complaint August 23, 2011. According to Rule 15, Federal Rules of Civil Procedure "a party may amend its pleading once as a matter of course within 21 days after serving it…" Fed. R. Civ. Pro. 15(a)(1). If a party does not amend within 21 days, it may "amend its pleading only with opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). And the Court is encouraged to "freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Here, Outdoor Venture did not timely file it amended complaint to add a defendant, but there are no objections from the United States and the Court will grant its request to add Rear Admiral Baucom as a defendant.

1

Court agrees. For the reasons set forth below, Outdoor Ventures Motion for Preliminary Injunction will be denied and the Government's Motion to dismiss will be granted.

I.

Outdoor Venture is a Kentucky corporation. [R. 1.] It has a long-standing relationship with the SBA, having been awarded its first contract in 1984. [*See Id.*] There is no dispute that Outdoor Venture has as an impressive resume to tout and the SBA has described it in flattering terms. [*Id.*] In 2009, a contract solicitation[2] was issued by Defense Logistics Agency Troop Support (DLATS).[3] [*Id.*] Outdoor Venture submitted a proposal to the solicitation and eventually was awarded the contract on December 2, 2010. [*Id.*]

Subsequently, a competitor filed a protest with the Government Accountability Office (GAO) challenging the contract award. [*Id.*] The competitor alleged that Outdoor Venture was not a small business because of its affiliation with another company and was therefore violating certain federal regulations. *See* 48 C.F.R. § 19.302 (2011).[4] The challenge was untimely, but GAO advised DLATS to refer the matter to the SBA. [*Id.*] DLATS did and on March 2, 2011 Outdoor Venture was alerted of the SBA's decision to investigate. [*Id.*] Over the next few days, Outdoor Venture and SBA communicated and exchanged documents. [*Id.*]

After reviewing the information provided to it on April 6, 2011, SBA found Outdoor Venture to be "other than small" by application of what is known as the *ostensible contractor rule*, and consequently, not eligible for the contract. [*Id.*] Pursuant to SBA's regulations, Outdoor Venture had fifteen days to appeal the SBA's decision to the Office of Hearings and

---

[2] According to Outdoor Venture, "The [s]olicitation was for a Total Small Business Set-Aside, incorporating the clause at [Federal Acquisition Regulation] 52.219-6." [R. 1.]
[3] DLATS was previously known as the Defense Supply Center Philadelphia. [R. 1.]
[4] Also commonly referred to as FAR 52.219-6(c)

2

Appeals (OHA).  [*Id.*]  This meant that Outdoor Venture had through April 21, 2011 to file its appeal.  [*Id.*]  It tried several times to file electronically, but was unable to properly send the file by April 21.  [*Id.*]  After notification on April 25, 2011 that its file was not received, Outdoor Venture again attempted that day unsuccessfully to send its file.  [*Id.*]  Finally, after sending a hard-copy of the appeal by way of overnight delivery, the OHA received it.  [*Id.*]  On May 17, 2011 OHA dismissed the appeal as untimely.  [*Id.*]  Subsequently, Outdoor Venture filed a claim contesting the decision with the Federal Court of Claims (Court of Claims).  [R. 14.]  The Court of Claims, however, decided that it did not presently have jurisdiction to hear the case because Outdoor Venture had no standing.  [*Id.*]  Consequently, Outdoor Venture filed this instant action with the Court.  [*Id.*]

## II.

### A.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff."  *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).  Stated otherwise, it is not enough for a claim to be

merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the Court, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To issue a preliminary injunction, the Court must consider: 1) whether the movant has shown a strong likelihood of success on the merits; 2) whether the movant will suffer irreparable harm if the injunction is not issued; 3) whether the issuance of the injunction would cause substantial harm to others; and 4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Further, a court need not consider all of the factors if it is clear that there is no likelihood of success on the merits. *See Amoco Protection Co. v. Village of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success").

**B.**

In this case, preliminary injunctive relief is not appropriate because Outdoor Venture has failed to sufficiently establish this Court's jurisdiction. The Court is without the power to even address the first prong of the test: likelihood of success on the merits.

Of course, our ability to hear cases against the United States is not without constraint. Ordinarily, the United States government is immune from actions taken against it. *See United States v. Sherwood,* 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued...."). This fundamental doctrine of sovereign immunity also

covers federal government agencies.  *See Whittle v. U.S.*, 7 F.3d 1259, 1262 (6th Cir. 1993). Only when the United States consents to suit can suit be brought against it or its agencies.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  General jurisdiction statutes, do not automatically waive the government's sovereign immunity (*see Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990)); waiver from sovereign immunity must be unequivocal. *United Liberty Life Ins. v. Ryan,* 985 F.2d 1320, 1325 (6th Cir.1993).  "[T]he circumstances of [the waiver of sovereign immunity] must be scrupulously observed and not expanded by the courts." *Blakely v. United States,* 276 F.3d 853, 864 (6th Cir.2002).

Originally, under the Tucker Act, 28 U.S.C. § 1491, both district courts and the Court of Claims had jurisdiction to "render judgment on an action by an interested party objecting to … any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  *See* 28 U.S.C. § 1491(b)(1).  Under this provision, this Court would have had jurisdiction to hear Outdoor Venture's case because it challenges the SBA's size determination pursuant to regulation found in 13 C.F.R. § 121.103(h)(4), [R. 1.] and it alleges SBA improperly applies 13 C.F.R. § 121.1009 retroactively to Outdoor Venture's contract.  [R. 1.]

Now, however, jurisdiction is not proper in this Court because section 12(d) of the Administrative Dispute Resolution Act (ADRA), 28 U.S.C. § 1491(b)(1) and note, grants exclusive jurisdiction to the Court of Claims to hear Outdoor Venture's claims.  *See Public Warehousing Company K.S.C.*, *v. Defense Supply Center Philadelphia*, 489 F. Supp.2d 30, 37 (2007).  Consequently, the ADRA, eliminates overlapping jurisdiction between the district courts and the Court of Claims with respect to bid protests and contract challenges.  *See Systems Application & Technologies, Inc.*, v. U.S., 2011 WL 3726301 (Fed. Cl. 2011) ("The Tucker Act, the principal statute governing the jurisdiction of the Court of Federal Claims, waives sovereign

5

immunity for claims against the United States in bid protests."). Congress's intent in enacting the ADRA was to couch all bid protest actions in the Court of Claims. *See Emery Worldwide Airlines v. U.S.*, 264 F.3d 1071, 1079-80 (Fed. Cir. 2001) ("[i]t is clear that Congress's intent in enacting the ADRA with the sunset provision was to vest a single judicial tribunal with exclusive jurisdiction to review government contract protest actions.") ADRA states in relevant part:

> The jurisdiction of the district court of the United States over the actions described in section 1491(b)(1) of title 28, United States Code (as amended by subsection (a) of this section) shall terminate on January 1, 2001 unless extended by Congress.

5 U.S.C. § 571 (1996).

The ADRA presents a problem for Outdoor Venture. [See R. 14.] A regulation is in "connection with a procurement" where "an agency's actions under a statute…clearly affect the award and performance of a contract." *Publishing Warehousing*, 489 F.Supp.2d at 38; *citing RAMCOR Servs. Group v. U.S.*, 185 F.3d 1286, 1289 (Fed. Cir. 1999). The term "procurement" has been described by the Court of Claims as including "all stages" of "acquiring . . . services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *See Publishing Warehousing*, 489 F.Supp.2d at 39; *citing OTI America v. United States*, 68 Fed. Cl. 108, 114 (Fed. Cl. 2005); *Labat-Anderson, Inc. v. United States*, 50 Fed.Cl. 99, 104 (Fed. Cl. 2001).

The facts here, fit into this broad description. DLATS issued a solicitation and awarded a contract to Outdoor Venture. Then, SBA made a size determination that effectively nullified the contract. The DLATS award and the SBA decision, both grounded in regulatory authority, are "…regulation[s] in connection with a procurement or a proposed procurement" and "clearly

affect the award and performance of a contract." Thus only the Court of Claims has jurisdiction to hear Outdoor Venture's arguments.

Nevertheless, Outdoor Venture alleges that this Court has jurisdiction and compares this case with *Normandy Apartments, LTD., v. U.S. Department of Housing and Urban Development*, 554 F.3d 1290, 1295 (10th Cir. 2009). In that matter, the Tenth Circuit decided that claims for injunctive relief regarding an agency's decision to abate subsidy payments were appropriate for resolution in a district court pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702. *Id.* Section 702 of the APA provides that:

> A person suffering legal wrong because of agency action . . . is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity . . . shall not be dismissed nor relief therein denied on the ground that it is against the United States…

5 U.S.C. § 702 (2011). Drawing from language in that provision, the Tenth Circuit concluded that "when [a] party seeks relief other than money damages, the APA's waiver of sovereign immunity applies and the Tucker Act does not preclude a federal district court from taking jurisdiction." Outdoor Venture encourages this Court to adopt the Tenth Circuit's reasoning. [R. 14.]

The Tenth Circuit's decision, however, was based on an interpretation of 28 U.S.C. 1346, commonly referred to as the Little Tucker Act, not section 1491.[5] The act states in relevant part:

> (a)The district courts have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> . . . .

---

[5] Note, that 28 U.S.C. §§ 1346 and 1491 are both considered Tucker Act provisions, but section 1346 is specially referred to as the Little Tucker Act. Although, the Tenth Circuit specifically identifies 28 U.S.C. § 1491 as the statutory provision at issue, nowhere in 28 U.S.C. 1491 do the words "exceeding in $10,000 in amount founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department…" appear. Those words do, however, appear in the Little Tucker Act. It is important to note this distinction, because it affects this Court's analysis.

>  (2) Any other civil action or claim against the United States, *not exceeding $10,000 in amount*, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department...

28 U.S.C. 1346(a)(2) (2011). The words "exceeding $10,000 in amount…" do not appear in section 1491; they only appear in the Little Tucker Act and effectively limit the scope of the district courts' jurisdiction.

The act bars district courts from hearing claims that exceed $10,000, and initially, it precluded the courts from hearing claims for injunctive relief. *See Albrecht v. Committee on Employee Benefits of Federal Reserve Employee Benefits System*, 357 F.3d 62 (D.C. Cir. 2004). APA Section 702, however, restored district courts' authority under section 1346 to hear those claims. *See* 5 U.S.C. § 702. Thus, the Tenth Circuit's opinion dealt primarily with the APA's impact on the Little Tucker Act and the jurisdictional issues arising therefrom. *See Normandy Apartments*, 554 F.3d at 1297. Consequently, the Tenth Circuit did not have occasion to consider the application of the ADRA.

Here, the ADRA prevents this Court from exercising jurisdiction over this case. Although section 702 of the APA grants jurisdiction to district courts, that jurisdiction is not automatic. Section 702 also provides that "[n]othing herein . . . confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. The ADRA does just that with respect to bid protest cases. *See Public Warehousing*, 489 F.Supp. 2d at 37.

The Court of Claims, before rendering its decision not to hear this case, characterized it as a bid protest case. [*See* R. 14] It stated, "[i]n bid protests, the question of standing is framed by 28 U.S.C. § 1491(b)(1)." [*Id.*] As already indicated, section 1491 applies to bid protest cases and the ADRA applies to section 1491(b)(1). Thus, as a practical matter, without authority to

hear Outdoor Venture's claims, the Court need not reach the merits of the case. Outdoor Venture may very well get to argue the merits, but not here.

### III.

Accordingly, and being sufficiently advised, it is hereby **ORDERED** that:

1. Plaintiff's Amended Complaint is **GRANTED;**

2. OUTDOOR VENTURE's Motion for Preliminary Injunction  [R. 8.] is **DENIED**; and

3. United States' Motion to Dismiss is **GRANTED.**

This the 7th day of October, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge